IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

UNITED STATES OF AMERICA                                    PLAINTIFF

VS.              Case No. 3:16-cr-30005-PKH-MEF-1

KENNETH GOFF                                                      DEFENDANT

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Before the Court is the Defendant's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. (ECF No. 69). The United States has not been directed to file a response, and none is necessary.

**I.     BACKGROUND**

On May 11, 2016, Defendant, Kenneth Goff ("Goff"), was indicted and charged with Conspiracy to Distribute Methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C), and 21 U.S.C. § 846 (Count One), and with Use of a Communication Facility, namely a cellphone, in committing, causing, and facilitating a felony drug offense, in violation of 21 U.S.C. §§ 841(a)(1) and 846, and 21 U.S.C. § 843(b) (Count Four). (ECF No. 1). Goff was arrested on June 15, 2016 (ECF No. 21), and he appeared for arraignment the following day, at which time he pleaded not guilty to the Indictment and counsel, Mosemarie Boyd ("Boyd"), was appointed to represent him. (ECF No. 8). A jury trial was scheduled for August 15, 2016. (ECF No. 10).

On August 11, 2016, Goff appeared with counsel for a change of plea hearing. (ECF No.

–1–

19). Pursuant to a written Plea Agreement, Goff pleaded guilty to Count One of the Indictment charging him with Conspiracy to Distribute Methamphetamine. (ECF Nos. 19; 20 ¶ 1).

An Initial Presentence Investigation Report ("PSR") was issued on December 5, 2016. (ECF No. 23). In it, Goff was held responsible for 77.8 grams of actual methamphetamine and 453.6 grams of heroin. *Id*., ¶ 40. Converting these differing drugs to a marijuana equivalent, pursuant to U.S.S.G. § 2D1.1, *Application Note 8*, Goff was accountable for 4,844.6 kilograms of marijuana equivalent. *Id*., ¶ 43. This drug quantity resulted in a base offense level of 32. *Id*., ¶ 50. It was also reported that Goff should be held accountable for being an organizer, leader, manager, or supervisor, as he directed a co-defendant to distribute methamphetamine and to collect drug funds that were owed to him as part of his drug-trafficking organization. *Id*., ¶ 45. This resulted in a two-level enhancement for Goff's role in the offense. *Id*., ¶ 53. After deducting three points for acceptance of responsibility, Goff's total offense level was reported to be 31. *Id*., ¶¶ 57-59. Goff's extensive criminal history resulted in a criminal history score of 24, placing him in criminal history category VI. *Id*., ¶ 81. Based upon a total offense level of 31 and a criminal history category of VI, the advisory guideline imprisonment range was 188 to 235 months. *Id*., ¶ 116.

The United States had no objections to the initial PSR. (ECF No. 27). On December 19, 2016, Goff filed his Response/Objection to the initial PSR. (ECF No. 28). Goff objected to several factual matters that did not affect the guidelines calculation; he also objected to the drug quantity for which he was held accountable, contending that "the drug quantity stipulated in the plea agreement more fairly represents the drug quantity for which he should be held responsible." *Id*., ¶ 5. While not challenging the validity of his prior criminal convictions, he also argued that none

of his prior criminal convictions involved violence or use of a weapon during the commission of the crimes, stating that "most of his crimes were related to drugs and stealing to obtain money for drugs as he is a drug addict who has never had the opportunity for treatment." *Id*., ¶ 6. He also suggested that the Court depart or vary downward due to his medical conditions. *Id*., ¶ 7.

A final PSR was issued on December 28, 2016. (ECF No. 29). In an Addendum to the final PSR, the United States Probation Office noted that the 4,844.6 kilograms of marijuana equivalent, or the stipulated drug quantity in the plea agreement of at least 1.5 kilograms but less than 5.0 kilograms of a mixture of methamphetamine, have the same base offense level of 32. (ECF No. 29-1, p. 2). No changes affecting the guidelines calculation were made.

Goff filed a Sentencing Memorandum on January 16, 2017.[1] (ECF No. 35). He pointed out that he self-surrendered after learning of his arrest warrant; that he had done "everything he can" to take responsibility for his conduct; that he was ashamed and remorseful for involving his co-defendant in his illegal activities; that he had a family history of drug addiction and alcoholism; that he had a strong desire for drug treatment; that he had a history of liver problems and a family history of liver disease; that his criminal history is all non-violent; and he requested a downward departure or variance. *Id*.

On February 7, 2017, the day before sentencing, Goff filed an Amended Sentencing Memorandum asserting that he had stage four fibrosis and final stage necroinflammation of his liver which "appear likely to reduce his life expectancy." (ECF No. 43). An Addendum contained medical records from October 2016. (ECF No. 44). Goff also filed a Motion for Downward

---

[1] This filing was four days after the deadline for filing any sentencing memorandum had passed. The Court's Scheduling Order: Sentencing (ECF No. 24) entered on December 6, 2016, set the deadline for any sentencing memorandum on January 12, 2017.

Departure/Variance on February 7, 2017, in which he refined but largely reiterated his earlier arguments for sentencing leniency.[2] (ECF No. 45).

Sentencing was held on February 8, 2017. (ECF Nos. 46, 55). The Court granted the Government's motion for a two-level downward departure for substantial assistance to authorities pursuant to U.S.S.G. § 5K1.1, resulting in a total offense level of 29, and a recommended guidelines range of 151 to 188 months imprisonment. (ECF No. 55, pp. 7-8). The Court also acknowledged Goff's motion for a downward departure, which it found more in line with a variance as opposed to a departure under the guidelines. *Id.*, p. 8. After sentencing argument from the Government, Ms. Boyd argued on Goff's behalf. She acknowledged Goff's long criminal history but noted that he had no violent criminal history. *Id.*, p. 10. She discussed Goff's relationship with his co-defendant, Betty Harris ("Harris"), with whom Goff had "a life-long love affair since they were 17 years old" and two children and multiple grandchildren. *Id*. She argued that Goff regretted having involved Harris in his illegal activities, stating further that he was prepared to take responsibility for concealing his illegal activities from Harris, initially misleading her, and later intimidating her into acting on his behalf. *Id.*, p. 11. Interrupting Ms. Boyd, the Court commented:

> … I've read some of this that you have filed, you know, it was filed late, I didn't read it all. By the way, I'm going to suggest in the future that you, you know, comply with the dates for filing - - because you haven't complied with any of them. And my law clerks had, you know, we had four hearings to prepare for today, and when you file these things on the night before, we don't have time to read them. *Id.*, pp. 11-12.

---

[2] This filing ignored the Court's Scheduling Order: Sentencing (ECF No. 24) which provided that "any motions for departure or variance should be included in a sentencing memorandum … If a sentencing memorandum is filed that includes such a request, DO NOT FILE a separate motion."

The Court then asked Ms. Boyd to "tell me about Mr. Goff and why you think he deserves a variance." (ECF No. 55, p. 12). She did so at length. *Id*., pp. 12-18. Following her argument, the Court heard Goff's own remarks. *Id*., pp. 18-19.

In discussing what the appropriate sentence should be, the Court observed that Goff's criminal history dated back more than 20 years; that by age 45 Goff had 24 criminal history points, including eight prison sentences; that his last felony conviction had to do with conspiring to deliver controlled substances in a Missouri state prison; so, the Court concluded, "I don't think Mr. Goff has shown any inclination whatsoever to be compliant with the law," and found that a sentence within the guidelines was necessary to protect the public from further crimes and show respect for the law. (ECF No. 55, pp. 19-20).

Goff was sentenced to serve 160 months imprisonment, three years supervised release, no fine, and pay a $100 special assessment. (ECF No. 55, pp. 20-21). Judgment was entered on February 9, 2017. (ECF No. 47).

Goff pursued a direct appeal. (ECF No. 51). In an *Anders*[3] brief, Ms. Boyd sought permission to withdraw and argued that Goff's sentence was substantively unreasonable. (ECF No. 63-1). In a pro se brief, Goff argued that he received ineffective assistance of counsel. *Id*. In its Opinion issued on October 25, 2017, the Eighth Circuit declined to consider Goff's ineffective assistance of counsel claim on direct appeal and held that the district court did not impose a substantively unreasonable sentence. *Id*.

On January 7, 2021, over three years after the Eighth Circuit affirmed Goff's conviction and sentence, Goff filed a motion for appointment of counsel to assist in preparing a petition under

---

[3] *See Anders v. California*, 386 U.S. 738 (1967).

–5–

28 U.S.C. § 2255. (ECF No. 67). The motion was denied on February 24, 2021. (ECF No. 68). On September 15, 2022, over a year and half later, Goff filed the motion to vacate under § 2255 currently before the Court. (ECF No. 69). In it, he asserts one ground for relief: ineffective assistance of counsel at sentencing due to counsel missing deadlines. *Id*., p. 5. He alleges that Ms. Boyd missed deadlines set by the Court prior to sentencing, and that she "walked in the morning of sentencing and handed [Judge Holmes] all my paperwork files." *Id*. According to Goff, Judge Holmes then stood up and stated: "Ms. Boyd you missed all your deadlines, and we have deadlines for a reason. My office doesn't have time to look at nothing you've given us at this time." *Id*. Ms. Boyd then allegedly told the Court that she put Goff's court dates on an old calendar, and that "I won't do it to my next client." *Id*.

## II.  DISCUSSION

"A prisoner in custody under sentence ... claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a). "If the court finds that the judgment was rendered without jurisdiction, or that the sentence imposed was not authorized by law or otherwise open to collateral attack, or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack, the court shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate." 28 U.S.C. § 2255(b). A thorough review of Goff's § 2255 motion and the files and

records of this case conclusively shows that Goff is not entitled to relief, and the denial and dismissal of his § 2255 motion with prejudice is recommended.

### A. Timeliness

A one-year period of limitation applies to motions under 28 U.S.C. § 2255. This period runs from the latest of: (1) the date on which the judgment of conviction becomes final; (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action; (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or, (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence. 28 U.S.C. § 2255(f).

The operative date in this case is "the date on which the judgment of conviction becomes final," as Goff raises no issue regarding any impediment created by Government action to making his motion, he asserts no right newly recognized by the Supreme Court made retroactive to cases on collateral review, and he makes no claim based on newly discovered evidence.

To start the clock on § 2255's one-year limitation period, a judgment of conviction becomes final when the time expires for filing a petition for certiorari contesting the appellate court's affirmation of the conviction. *Clay v. United States*, 537 U.S. 522, 525 (2003). In the instant case, Judgment was entered on February 9, 2017. (ECF No. 47). The Eighth Circuit Court of Appeals affirmed in an Opinion and Judgment issued on October 25, 2017. (ECF Nos. 63-1, 63-2). Goff did not file a petition for a writ of certiorari in the United States Supreme Court. The

time in which he could have petitioned for certiorari expired on January 23, 2018, which is 90 days after entry of the Eighth Circuit's judgment. See Sup.Ct.R. 13.1. From that date, Goff had one year, or until January 23, 2019, to timely file a § 2255 habeas petition. Goff filed his § 2255 motion on September 15, 2022, which is three years, seven months, and 23 days after the limitations period expired.

Timeliness is crucial to the consideration of a motion made under § 2255. *See, e.g., Alsup v. United States*, No. 09-3266-CV-S-RED, 2010 WL 376990, at pp. 2-3 (W.D. Mo. Jan. 26, 2010) (unpublished) (granting the Government's motion to dismiss petitioner's § 2255 motion where the motion was filed *one day* out of time). *See also United States v. Marcello*, 212 F.3d 1005, 1010 (7th Cir. 2000) ("Foreclosing litigants from bringing their claim because they missed the filing deadline by one day may seem harsh, but courts have to draw lines somewhere, statutes of limitation protect important social interests (internal citation omitted), and limitation periods work both ways - you can be sure [petitioner] would not be pooh-poohing the prosecution's tardiness if he had been indicted one day after the statute of limitations expired for his crimes."). Here, of course, we are not dealing with Goff just missing the limitations deadline by one day, but by a period of nearly four years. Consequently, unless either statutory or equitable tolling applies, the Court lacks jurisdiction to consider the merits of Goff's claim and his § 2255 motion should be summarily dismissed.

### 1. Statutory Tolling

As noted above, the one-year period within which to file a § 2255 motion may, in an appropriate case, begin on the date on which an impediment created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented

from making a motion by such governmental action; from the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or, from the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence. 28 U.S.C. § 2255(f)(2)-(4). Goff's § 2255 motion offers nothing in support of any of these statutory grounds to extend the one-year limitations period.

### 2. Equitable Tolling

The doctrine of equitable tolling is available to a § 2255 movant, but only "under limited conditions, for example, where extraordinary circumstances beyond a prisoner's control prevent the timely filing." *Gassler v. Bruton*, 255 F.3d 492, 495 (8th Cir. 2001); *United States v. Martin*, 408 F.3d 1089, 1092 (8th Cir. 2005). The use of equitable procedures should be infrequent, *Flanders v. Graves*, 299 F.3d 974, 976 (8th Cir. 2002), and will not be applied if the habeas movant has not diligently pursued his rights, *Finch v. Miller*, 491 F.3d 424, 427 (8th Cir. 2007). "Equitable tolling is an exceedingly narrow window of relief." *Maghee v. Ault*, 410 F.3d 473, 476 (8th Cir. 2005).

Regarding the timeliness of his § 2255 motion, Goff states, "did not have access to courts or law library due to lockdowns, prison conditions, SHU, and COVID-19." (ECF No. 69, p. 13). As stated above, Goff had until January 23, 2019, to timely file his § 2255 motion. That deadline passed more than 14 months before any COVID-19 related lockdowns began in March 2020.

Goff also mentions the SHU, or "Special Housing Unit," but any contention that placement in a SHU would have impaired his ability to timely file a § 2255 motion is undermined by BOP regulations for the operation of Special Housing Units. *See* 28 C.F.R. § 541.20, *et seq.* Inmates

–9–

placed in SHUs are "securely separated from the general population, and may be housed either alone or with other inmates." 28 C.F.R. § 541.21. Inmates housed in SHUs are either in administrative detention status or disciplinary segregation status. 28 C.F.R. § 541.22. Even while housed in a SHU, the Warden shall provide such inmates "a means of access to legal materials, along with an opportunity to prepare legal documents," and the Warden "shall allow an inmate in segregation or detention a reasonable amount of personal legal materials." 28 C.F.R. § 543.11(j). Additionally, "[t]he Warden shall give special time allowance for research and preparation of documents to an inmate who demonstrates a requirement to meet *an imminent court deadline*. 28 C.F.R. § 543.11(i) (emphasis added).

Further, Goff has not alleged that any extraordinary circumstances beyond his control prevented a timely filing of his § 2255 motion. He does not allege that the Government somehow lulled him into inaction. He does not refer to any extraordinary circumstances, attributable to the Government or to any other external cause, that prevented him from timely filing his § 2255 motion.

Nor has Goff shown that he exercised due diligence in the pursuit of his rights. He asserts a claim of ineffective assistance of counsel at sentencing, and any facts supporting that claim would have been known to him at the time of sentencing and could have been raised during the one-year limitations period. Notably, he did raise an ineffective assistance of counsel claim prematurely in a pro se brief on direct appeal; the Eighth Circuit declined to consider the claim on direct appeal, but Goff was clearly informed that ineffective assistance of counsel claims could be raised in a collateral proceeding. He simply waited too long before filing his motion under § 2255. And he alleges no new facts that would sufficiently explain a delay in bringing his claim.

Accordingly, Goff has failed to allege and establish any factual basis to fit within the "exceedingly narrow window of relief" that equitable tolling provides, and his § 2255 motion should be dismissed with prejudice as untimely.

Even if the Court considered Goff's claim, his allegations are insufficient to support it.

### B.  Insufficient Allegations of the Pending Motion

At the beginning of his sentencing hearing, Goff told the Court he was satisfied with the representation and advice he received from Ms. Boyd.  (ECF No. 55, p. 2).  Having changed his mind, he now asserts that Ms. Boyd missed deadlines set by the Court; that she showed up the morning of sentencing and handed Judge Holmes "all my paperwork files"; and that Judge Holmes stated he had no time to read it.  (ECF No. 69, p. 5).  These allegations are inadequate to support relief under 28 U.S.C. § 2255.

Vague and conclusory allegations are insufficient to state a ground for relief under 28 U.S.C. § 2255.  *Hollis v. United States*, 796 F.2d 1043, 1046 (8th Cir. 1986).  *See also: Smith v. United States*, 677 F.2d 39, 41 (8th Cir. 1982) (conclusory allegations, unsupported by any specifics, are subject to summary dismissal); *Bryson v. United States*, 268 F.3d 560, 562 (8th Cir. 2001) (brief, conclusory allegations that failed to cite to the record insufficient to support claims of ineffective assistance of counsel).  Even *pro se* litigants must state specific facts in support of their claims regarding counsel's allegedly deficient performance.  *Saunders v. United States*, 236 F.3d 950, 952-53 (8th Cir. 2001).  Goff does not.  He does not allege that the Court would have granted some relief if Ms. Boyd had timely filed some specific sentencing motion or request, but that such relief was denied because it was untimely filed.  Instead, he refers vaguely to Ms. Boyd's

failure to timely submit "all my paperwork files." This is insufficient to support a claim of ineffective assistance of counsel.

Also fatal to Goff's claim is his failure to allege or show prejudice resulting from Ms. Boyd's failure to comply with the Court's sentencing hearing deadlines. While the Court did state at sentencing that Ms. Boyd had "missed every deadline," and that the Court did not have time to read all the untimely filings she made the day before, those untimely filings merely elaborated on arguments she had previously made on Goff's behalf, and which were considered by the Court. Ms. Boyd emphasized those points again in her sentencing argument to the Court. Ultimately, the Court considered those points, but nevertheless found that they did not support a downward variance from the guidelines. There is no prejudice, and where there is no prejudice there can be no ineffective assistance of counsel. *United States v. DeRoo*, 223 F.3d 919, 925 (8th Cir. 2000), citing *United States v. Apfel*, 97 F.3d 1074, 1076 (8th Cir. 1996).

Accordingly, Goff's pending motion for relief under 28 U.S.C. § 2255 (ECF No. 69) is facially inadequate and should be summarily dismissed.

### III.  CONCLUSION

For the reasons discussed above, this Court lacks jurisdiction to consider the merits of Goff's pending Motion to Vacate Under 28 U.S.C. § 2255 (ECF No. 69) because it is untimely, and neither statutory nor equitable tolling applies. Moreover, the allegations of ineffective assistance of counsel in Goff's motion are insufficient to support a claim for relief under § 2255.

IT IS, THEREFORE, RECOMMENDED that Goff's pending Motion to Vacate Under 28 U.S.C. § 2255 (ECF No. 69) be **DISMISSED with PREJUDICE**.

**The parties have fourteen (14) days from receipt of this Report and Recommendation**

in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely written objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.

      DATED this 10th day of November 2022.

                                    /s/  *Mark E. Ford*
                                    HONORABLE MARK E. FORD
                                    UNITED STATES MAGISTRATE JUDGE